Cindy Lou LANDRESS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00-9311-CR-1285.

Supreme Court of Indiana.

Aug. 18, 1994.

James J. Stanton, Superior Court of Lake Co., Appellate Div., Crown Point, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

Appellant originally received the death sentence as a result of her conviction for murder. However, this Court set aside the

death sentence in her original appeal. *Landress v. State* (1992), Ind., 600 N.E.2d 938. On remand to the trial court for a second sentencing hearing, the trial court sentenced appellant to a term of sixty (60) years. Appellant now appeals that sentence.

We summarize the facts set out in the original appeal as follows: On April 23, 1983, appellant and her companion, Lewellen, were riding in a car driven by Lewellen's daughter. Both appellant and Lewellen showed the daughter knives and indicated their intention to go "rolling," that is to knock out someone and take their money. A knife, which appellant possessed at that time, later was identified as one of the knives found at the scene of the murder.

Appellant went to the home of Leonard Fowler, the victim in this case, where she was living at the time. Later, Lewellen arrived. Lewellen threatened Fowler with a knife and forced him to the floor. Appellant brought an extension cord and suspenders which were used to tie up Fowler. Lewellen removed Fowler's wallet and handed it to appellant. Appellant removed the money from the wallet and urged Lewellen to leave. However, when appellant observed that Fowler had freed himself and was in the bedroom loading his shotgun, she notified Lewellen who ran into the bedroom and began stabbing Fowler.

Appellant claims she went to the kitchen to get a knife to try to break up the fight. However, Fowler was stabbed some twenty-two times and appellant received a cut on the palm of her hand during the attack. Blood was found on the buck knife which appellant earlier had in her possession.

Appellant now claims the sentence of sixty (60) years was unreasonable because the trial court did not give proper consideration to mitigating circumstances. Her claim to mitigating circumstances is that she had a difficult childhood, that she was abused by her father, that she was sexually molested by her brothers and their friends, that her parents and their friends were alcoholics and she was subjected to constant abuse, and that her mother refused to believe she was being sexually abused and would herself physically abuse appellant when she was either intoxicated or had a hangover. Appellant contends this type of abusive conduct eventually led her to marry at the age of thirteen and to become a drug and alcohol addict. She also claims and presents evidence from others that she had been a model prisoner during her incarceration since her conviction, that she was successfully furthering her education, and that she had become a religious convert.

Although the trial judge considered all of these factors, he considered the treatment she had received as a child as not sufficient to overcome the heinous nature of the crime for which she had been convicted. He also considered her model conduct as a prisoner after the commission of the crime but considered it to have little weight considering the heinous nature of the offense committed.

Appellant's prior treatment as a child may be the reason for the personality she had developed but should not be considered as an excuse for the commission of a heinous crime. Her conduct as a model prisoner is an argument better made for clemency than it is for mitigation of her sentence for the crime committed prior to her good behavior.

Appellant raises the issue that the trial judge at the time he sentenced her to death stated that her prior criminal history was not significant in considering it as an aggravator for the death penalty. However, when he was pronouncing sentence for the sixty (60) year term, he stated that the criminal history was an aggravating factor. The State correctly points out that the death penalty statute provides that a criminal history, if not significant, may be considered as a mitigator against the imposition of the death penalty. The general statute on sentencing for a period of time provides that any history of criminal or delinquent activity may be considered as aggravating, citing Ind.Code § 35–38–1–7.1(b)(1).

Indiana Appellate Rule 17(B)(1) provides:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

We cannot say that the judge's sentence of sixty (60) years is unreasonable or inappropriate to the offense in this case.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

DeBRULER, J., concurs in result.